IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**WILL HESLIP, DAVID SANDERS,**                                            **PLAINTIFFS**
**MARCUS DAVIS, STEVEN MITCHELL**
**and WENDY WISE, Each Individually**
**and on Behalf of All Others Similarly**
**Situated**

vs.                                    No. 5:19-cv-1327

**NIXON ENGINEERING, LLC**                                                **DEFENDANTS**
**and TINA TINER NIXON**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Will Heslip, David Sanders, Marcus Davis, Steven Mitchell and Wendy Wise ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Joshua West and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Nixon Engineering, LLC and Tina Tiner Nixon ("Defendants"), do hereby state and allege as follows:

**I.**        **JURISDICTION AND VENUE**

1. Plaintiffs, each individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants failure to pay Plaintiffs and all others similarly situated a minimum wage and

proper overtime compensation for all hours that Plaintiffs and all others similarly situated worked.

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendants conduct business within the State of Texas, operating and managing a traffic control and highway maintenance business throughout Texas.

4. The acts complained of herein were committed and had their principal effect against the named Plaintiffs herein within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

5. Plaintiffs were/are employed by Defendants, whose headquarters are in Bastrop, in the Western District of Texas.

## II.     THE PARTIES

6. Plaintiff Heslip is an individual and a resident of the State of Texas.

7. Plaintiff Sanders is an individual and resident of the State of Texas.

8. Plaintiff Davis is an individual and resident of the State of Texas.

9. Plaintiff Mitchell is an individual and resident of the State of Texas.

10. Plaintiff Wise is an individual and resident of the State of Texas.

11. Defendant Nixon Engineering, LLC is a domestic for-profit limited liability company, with its principal place of business in Bastrop.

12. Defendants registered address for service is by way of Tina Tiner Nixon, 508 Pecan Street, Bastrop, Texas 78602.

13. Nixon Engineering maintains a website regarding its business located on the web at http://www.nixon-engineering.com/ww2/

14. Defendant Tina Tiner Nixon is Chief Executive Officer of Nixon Engineering, LLC.

15. At all times after three years preceding the filing of the Original Complaint, Defendants had at least two (2) employees that handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce, such as vehicles, including truck mounted attenuators and pilot vehicles, rumble strips, road construction cones and road signs.

16. Defendants annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

### III.  FACTUAL ALLEGATIONS

17. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

18. At all relevant times herein, Defendants were/are an "employer" of Plaintiffs and similarly situated employees within the meaning of the FLSA.

19. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

20. At all material times, Defendants failed to pay Plaintiffs and those similarly situated minimum wage as required by the FLSA, 29 U.S.C. § 206.

21. At all times material herein, Plaintiffs and those similarly situated have been misclassified by Defendants as salaried employees and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

22. At all relevant times herein, Defendants directly hired employees to work on traffic control, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

23. Defendants failed to pay Plaintiffs and other similarly situated employees for up to, and possibly exceeding, twenty (20) hours of overtime per week.

24. Plaintiffs and other similarly situated employees were not asked to provide input as to which employees should be hired or fired.

25. Plaintiffs and other similarly situated employees did not hire or fire any other employee.

26. At all relevant times herein, Defendants have deprived Plaintiffs and similarly situated employees of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

27. Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

**A. Plaintiff Heslip**

28. Plaintiff Heslip worked for Nixon Engineering, LLC, as a Crew Leader from December of 2017 to January of 2019 and as a Foreman from May of 2019 to August of 2019.

29. As a Crew Leader, Plaintiff Heslip drove himself and others to the relevant roadside jobsites and worked with the road crew to set up and maintain traffic control equipment.

30. While serving as a Crew Leader, Plaintiff Heslip was paid an hourly rate of $8.00 per hour, an additional bonus of $5.64 per hour for every hour worked up to 40 hours, and an overtime rate of $12.00 per hour for all hours worked over forty per week.

31. As an hourly employee, Plaintiff Heslip was required to travel to distant locations and from jobsite to jobsite and was regularly not compensated for the drive time and various other off-the-clock work.

32. As an hourly employee, Plaintiff Heslip was required to travel away from home and stay overnight. He was required to travel, as either the driver or passenger in a company vehicle, to various locations across the state of Texas, during normal workday hours as well as during working hours on nonworking days, and was regularly not compensated for this work time. This unpaid travel time work occurred in weeks in which Heslip worked forty or more hours per week.

33. As an hourly employee, Plaintiff Heslip was required to pick up work trucks, rumble strips and other equipment from one jobsite and deliver to another jobsite and was regularly not compensated for this work time work in weeks in which Heslip otherwise worked forty or more hours.

34. As Foreman, Plaintiff Heslip was paid a salary of $700 per week and was not paid for overtime. He was classified as exempt from overtime wages.

35. As a Foreman, Plaintiff Heslip's job duties changed very little. In addition to setting up and maintaining traffic control equipment, he trained new employees on

the procedures involved with setting up and maintaining traffic control equipment. He would report any issues to his supervisors. He had no authority to hire, fire, promote, or alter the job duties or pay of other employees.

36. Plaintiff Heslip regularly worked between 40 and 50 hours per week, both as Crew Leader and Foreman.

### B. Plaintiff Sanders

37. Plaintiff Sanders has worked for Nixon Engineering, LLC, as a Dispatcher since December of 2018. Plaintiff Sanders was employed by Defendant as an hourly employee from December of 2018 until February of 2019, and as a salaried employee from February of 2019 to present.

38. As a Dispatcher, Plaintiff Sanders is responsible for road crew coordination as well as roadside manual labor. He answers and responds to phone calls and emails to coordinate where other employees are supposed to work. When not on the phone, Plaintiff Sanders is required to drive trucks and helps the road crew set up and maintain traffic control equipment.

39. From December of 2018 until February of 2019 Plaintiff Sanders was paid an hourly rate of $8.00 per hour, an additional bonus of $5.00 per hour for every hour worked up to 40 hours, and an overtime rate of $12.00 per hour for all hours worked over 40 per week.

40. As an hourly employee, Plaintiff Sanders was required to travel to distant locations and from jobsite to jobsite and was regularly not compensated for drive time and various other off the clock work in weeks in which Sanders otherwise worked forty or more hours.

41. As an hourly employee, Plaintiff Sanders was required to travel away from home and stay overnight. He was required to travel, as either the driver or passenger in a company vehicle, to various locations across the state of Texas, during normal workday hours as well as during working hours on nonworking days and was regularly not compensated for this work time. This unpaid travel time work occurred in weeks in which Sanders worked forty or more hours per week.

42. From February of 2019 to present, Plaintiff Sanders has been paid a salary of $700 per week. Once paid a salary, Plaintiff Sanders was classified by Defendants as exempt from overtime wages.

43. Plaintiff Sanders has consistently worked between 40 and 60 hours per week.

44. Plaintiff Sanders is required to be on call as a Dispatcher 7 days per week, 24 hours per day.

**C. Plaintiff Davis**

45. Plaintiff Davis has worked for Nixon Engineering, LLC, as Crew Leader since May of 2017.

46. As a Crew Leader, Plaintiff Davis drove himself and others to jobsites and worked with the road crew to set up and maintain traffic control equipment.

47. While serving as Crew Leader, Plaintiff Davis is paid an hourly rate of $8.00 per hour, with an additional bonus of $5.00 per hour for every hour worked up to 40 hours, and an overtime rate of $12.00 per hour for all hours worked over forty per week.

48. Plaintiff Davis is required to travel to distant locations and from jobsite to jobsite and is regularly not compensated for drive time and various other off the clock work in weeks in which Davis otherwise worked forty or more hours.

49. Plaintiff Davis is required to travel away from home and stay overnight. He is required to travel, as either the driver or passenger in a company vehicle, to various locations across the state of Texas, during normal workday hours as well as during working hours on nonworking days, and was/is regularly not compensated for this work time. This unpaid travel time work occurred in weeks in which Davis worked forty or more hours per week.

50. Plaintiff Davis is required to pick up work trucks, rumble strips, and other equipment from one jobsite and deliver it to another jobsite and was/is regularly not compensated for this work time work in weeks in which Davis otherwise worked forty or more hours.

51. Plaintiff Davis has consistently worked between 40 and 50 hours per week, not including off-the-clock work.

**D. Plaintiff Mitchell**

52. Plaintiff Mitchell worked for Nixon Engineering, LLC, as a Flagger from March of 2018 to January of 2019 and as Crew Leader from January of 2019 to June of 2019.

53. As a Flagger, Plaintiff Mitchell would put out cones and hold signs to communicate with motorists and help traffic flow through construction zones.

54. As Crew Leader, Plaintiff Mitchell drove himself and others to the relevant jobsites and work with the road crew to set up and maintain traffic control equipment.

55. While serving as Flagger and Crew leader, Plaintiff Mitchell was paid an hourly rate of $8.00 per hour, an additional bonus of $5.64 per hour for every hour worked up to 40 hours, and an overtime rate of $12.00 per hour for all hours worked over forty per week.

56. Plaintiff Mitchell was required to travel to distant locations and from jobsite to jobsite and was regularly not compensated for the drive time and various other off the clock work in weeks in which Mitchell otherwise worked forty or more hours.

57. Plaintiff Mitchell was required to travel away from home and stay overnight. He was required to travel, as the driver or passenger in a company vehicle, to various locations across the state of Texas, during normal workday hours as well as during working hours on nonworking days, and was regularly not compensated for this work time. This unpaid travel time work occurred in weeks in which Mitchell worked forty or more hours per week.

58. Plaintiff Mitchell was regularly required to pick up work trucks, rumble strips, and other equipment from one jobsite and deliver it to another jobsite and was regularly not compensated for this work time in weeks in which Mitchell otherwise worked forty or more hours.

59. Plaintiff Mitchell's was threatened with the loss of his job if he did not perform the off-the-clock work.

60. Plaintiff Mitchell regularly worked over 40 hours per week, including his off-the-clock work.

### E. Plaintiff Wise

61. Plaintiff Wise worked for Nixon Engineering, LLC, as Crew Chief from 2009 to April of 2019.

62. As a Crew Chief, Plaintiff Wise drove herself and others to jobsites and worked with the road crew to set up and maintain traffic control equipment.

63. Plaintiff Wise was paid an hourly rate of $8.00 per hour, with an additional bonus of $5.64 per hour for every hour worked up to 40 hours, and an overtime rate of $12.00 per hour for all hours worked over forty per week.

64. Plaintiff Wise was required to travel to distant locations and from jobsite to jobsite and was regularly not compensated for drive time and various other off the clock work in weeks in which Wise otherwise worked forty or more hours.

65. Plaintiff Wise was required to travel away from home and stay overnight. She was required to travel, as either the driver or passenger in a company vehicle, to various locations across the state of Texas, during normal workday hours as well as during working hours on nonworking days and was regularly not compensated for this work time. This unpaid travel time work occurred in weeks in which Wise worked forty or more hours per week.

66. Plaintiff Wise was regularly required to pick up work trucks, rumble strips, and other equipment from one jobsite and deliver it to another jobsite and was regularly not compensated for this work time in weeks in which Wise otherwise worked forty or more hours.

67. Plaintiff Davis has consistently worked between 40 and 60 hours per week.

## IV.     REPRESENTATIVE ACTION ALLEGATIONS

68.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

69.     Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as similarly situated salaried employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek; and

B.     Liquidated damages; and

C.     The costs of this action, including attorney's fees.

70.     Plaintiffs propose the following class under the FLSA:

**All hourly and nonexempt salaried employees in the last three years.**

71.     In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file written Consents to Join this lawsuit.

72.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

73.     The proposed FLSA class members are similarly situated in that they share these traits:

    A. They were not paid a minimum wage for all hours worked;

    B. They were not paid proper overtime wages as required by the FLSA;

    C. They worked more than 40 hours in some weeks;

    D. They had substantially similar job duties, requirements, and pay provisions.

74. Plaintiffs are unable to state the exact number of the class but believe that there are many other employees whose were not paid a minimum wage, overtime hourly rates were incorrectly calculated, and/or were misclassified as salaried employees.

75. Defendants can readily identify the members of the Section 16(b) class, which encompasses all hourly and salaried employees.

76. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants.

## V.     FIRST CAUSE OF ACTION

**(Individual Claims for Violation of the FLSA)**

77. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

78. Plaintiffs asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

79. At all times relevant to this Complaint, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

80. At all times relevant to this Complaint, Defendants have been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

81. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

82. At all times relevant to this Complaint, Defendants failed to pay Plaintiffs lawful wage as required by the FLSA.

83. At all times relevant times to this Complaint, Defendants misclassified the salaried Plaintiffs as exempt from the overtime requirements of the FLSA.

84. Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendants failed to pay Plaintiffs an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

85. Defendants failure to pay Plaintiffs all overtime wages owed was willful.

86. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI. SECOND CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

87. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

88. Plaintiffs, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

89. At all times relevant times to this Complaint, Defendants have been, and continue to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

90. All times relevant to this Complaint, Defendants failed to pay Plaintiffs and all others similarly situated the minimum wage required by the FLSA.

91. At all times relevant to this Complaint, Defendants misclassified Plaintiffs and all others similarly situated as exempt from the overtime requirements of the FLSA.

92. Despite the entitlement of Plaintiffs and those similarly situated to overtime payments under the FLSA, Defendants failed to pay Plaintiffs and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

93. Defendants willfully failed to pay overtime wages to Plaintiffs and to others similarly situated.

94. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages,

and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs, each on behalf of themselves and all others similarly situated, respectfully pray that Defendants each be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. An order conditionally certifying the collective action alleged in this Complaint or as further defined by Plaintiffs' Motion and directing notice to be sent to the putative class members;

B. A declaratory judgment that Defendants' practices alleged herein violate the FLSA and their relating regulations;

C. Judgment for damages for all unpaid overtime compensation under the FLSA and their relating regulations;

D. Judgment for liquidated damages pursuant to the FLSA and their relating regulations;

E. An order directing Defendants to pay Plaintiffs and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem necessary, just and proper.

        Respectfully submitted,

        **WILL HESLIP, DAVID SANDERS, MARCUS DAVIS STEVEN MITCHELL, and WENDY WISE, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

        SANFORD LAW FIRM, PLLC
        One Financial Center
        650 South Shackleford Road, Suite 411
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

        /s/ Josh Sanford
        Josh Sanford
        Tex. Bar No. 24077858
        josh@sanfordlawfirm.com

        /s/ Joshua West
        Joshua West
        Ark. Bar No. 2012121
        west@sanfordlawfirm.com